## WALLACE v. METCALF.

(*Supreme Court, Special Term, New York County.* September, 1888.)

EXECUTION—AGAINST THE PERSON—NATURE OF ACTION.

A complaint which sets forth a contract for the sale of copper, to be paid for as deliveries were made; that the copper should belong to plaintiff until all was paid for; and that, after delivery, defendant, without title, wrongfully converted it to his own use; and that "by said agreement the said copper continued to belong to plaintiff until the same should be paid for by defendant,"—shows, when taken as a whole, an action in tort, and execution against the person of defendant may lawfully issue on a judgment recovered thereon.

At chambers. On motion to vacate an execution against the person of defendant, on the ground that the action was on a contract, and not in tort.

*Eugene Smith,* for plaintiff. *A. Barrett,* for defendant.

PATTERSON, J. The execution against the person of the defendant cannot be supported by the mere statement in the judgment. If the action is not in tort it cannot be made so simply by a declaration in the *postea;* nor can an award of execution against the person in the judgment be effectual if the action is one in which such a process may not lawfully issue. But upon an inspection of the pleadings it appears that the action was for the conversion of personal property. The complaint sets forth the making of a contract for the sale of copper, to be paid for as deliveries were made,—a modification of that contract by which payment was to be made when all was delivered; that the copper should belong to the plaintiff until it was all paid for; and that, after delivery, the defendant, without title, wrongfully converted it to his own use. The scheme of the complaint is that the transaction constituted a conditional sale, and that the defendant was liable for conversion. The only criticism made of the complaint is that it states only a conclusion in the averment that "by said agreement the said copper continued to belong to the plaintiff until the same should be paid for by the defendant," but that the allegation, when read in connection with the subsequent averments, contains a statement of a fact, and is tantamount to saying that it was one of the terms of the agreement that title should not pass until payment was made; and, so construed, the whole structure of the complaint shows an action in tort. That such was the understanding of both parties appears from the course of the trial. The motion to set aside the execution is denied, with $10 costs.